**THE LAW OFFICES OF JOHN L. BURRIS**
JOHN L. BURRIS, Esq. (SBN 69888)
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com

**THE LAW OFFICES OF JOHN L. BURRIS**
DeWITT M. LACY, Esq. (SBN 258789)
JULIA N. QUESADA, Esq. (SBN 337872)
LENA P. ANDREWS, Esq. (SBN 342471)
9701 Wilshire Blvd., Suite 1000
Beverly Hills, California 90212
Telephone: (310) 601-7070
Facsimile: (510) 839-3882
dewitt.lacy@johnburrislaw.com
julia.quesada@johnburrislaw.com
lena.andrews@johnburrislaw.com

Attorneys for Plaintiff,
Robert Barreras

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT BARRERAS, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LOS ANGELES, a municipal entity; COUNTY OF LOS ANGELES, a municipal entity; DOES 1-20, inclusive, individually and in their official capacities as police officers for the Los Angeles Police | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983: Fourth Amendment<br>Cal. Civ. Code § 52.1<br>Pendant Tort Claims<br><br>**JURY TRIAL DEMANDED** |

Department; and DOES 21-40, inclusive, individually and in their official capacities as sheriff's deputies for the Los Angeles County Sheriff's Department,

Defendants.

## INTRODUCTION

1. This civil rights case arises out of the egregious physical and emotional harm inflicted upon Plaintiff Robert Barreras after he was beaten, restrained, and then, pepper sprayed, sitting in the back seat of a patrol car by law enforcement officers in Maywood, California, on January 31, 2021.

2. This action seeks compensatory and punitive damages from Defendants, inclusive, for violating Mr. Barrera's rights under the United States Constitution and state law in connection with the unjustified, grossly excessive, and thereby, entirely unreasonable use of force inflicted upon him.

## JURISDICTION AND VENUE

3. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in the City of Maywood, County of Los Angeles, California, which is within the judicial district of this Court.

4. This Court has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367, because the state law claims are so related to the federal claims in this action as to arise out of the same case or controversy under Article III of the United States Constitution.

5. Venue if proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

6. Plaintiff, ROBERT BARRERAS (hereinafter "Plaintiff"), is and was at all times mentioned herein, an individual residing in the State of California and is a United States citizen.

7. Defendant, CITY OF LOS ANGELES (hereinafter "City"), is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times mentioned herein, Defendant City has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the City of Los Angeles Police Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant City was the employer of DOES 1-20 (hereinafter, collectively, "Defendant DOE Officers"), individually and in their official capacities as police officers for the City of Los Angeles Police Department.

8. Defendant, COUNTY OF LOS ANGELES (hereinafter "County"), is and was at all times mentioned herein, a municipal entity or political subdivision of the United States, organized and existing under the laws of the State of California; and at all times mentioned herein, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting the operation of the County of Los Angeles Sheriff's Department and its tactics, methods, practices, customs, and usage. At all relevant times mentioned herein, Defendant County was the employer of DOES 21-40 (hereinafter, collectively, "Defendant DOE Deputies"), individually and in their official capacities as deputies for the County of Los Angeles Sheriff's Department.

PG. 3     Case No.
**COMPLAINT FOR DAMAGES**

9. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 1 through 10, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 1 through 10, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 1 through 10, inclusive, when they have been ascertained.

10. Plaintiff is ignorant of the true names and capacities of Defendants DOES 11 through 20, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant City at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 11 through 20 were responsible for the training, supervision and/or conduct of the officers and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 11 through 20 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 11 through 20, inclusive, when they have been ascertained.

11. Plaintiff is ignorant of the true names and capacities of those Defendants named herein as DOES 21 through 30, inclusive. Plaintiff will amend this Complaint to allege said Defendants true names and capacities when that

information becomes known to Plaintiff. Plaintiff is informed and believes, and thereon alleges, that DOES 21 through 30, inclusive, are legally responsible and liable for the incident, injuries, and damages hereinafter set forth, and that each of said Defendants proximately caused the injuries and damages by reason of negligent, careless, deliberately indifferent, intentional, or willful misconduct, including the negligent, careless, deliberately indifferent, intentional, willful misconduct in creating and otherwise causing the incidents, conditions, and circumstances hereinafter set forth, or by reason of direct or imputed negligence or vicarious fault or breach of duty arising out of the matters herein alleged. Plaintiff will seek to amend this Complaint to set forth said true names and identities of DOES 21 through 30, inclusive, when they have been ascertained.

12.  Plaintiff is ignorant of the true names and capacities of Defendants DOES 31 through 40, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiff is informed and believes, and thereon alleges, that each Defendant so named was employed by Defendant County at the time of the conduct alleged herein. Plaintiff alleges that each of Defendants DOES 21 through 40 were responsible for the training, supervision and/or conduct of the deputies and/or agents involved in the conduct alleged herein. Plaintiff alleges that each of the Defendants DOES 31 through 40 were also responsible for and caused the acts and injuries alleged herein. Plaintiff will amend this Complaint to state the names and capacities of DOES 31 through 40, inclusive, when they have been ascertained.

## ADMINISTRATIVE PREREQUISITES

13.  Plaintiff is required to comply with the administrative procedures set forth in the California Government Claims Act.

14.  Plaintiff filed a claim against the City of Los Angeles for the acts and omissions alleged herein on July 29, 2021. The claim was rejected on September 17, 2021.

15. Plaintiff filed a claim against the County of Los Angeles for the acts and omissions alleged herein on July 29, 2021. The claim was rejected on September 20, 2021.

16. Accordingly, Plaintiff has exhausted all administrative remedies pursuant to section 910 of the California Government Code.

## PRELIMINARY ALLEGATIONS

17. The City of Los Angeles is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth Amendment of the United States Constitution, for the acts and omissions of Defendants DOES 1 through 20, and each of them, who, at the time they caused Plaintiff's injuries and damages, were duly appointed, qualified and acting, officers, employees, and/or agents of Defendant City, and acting within the course and scope of their employment and/or agency.

18. The County of Los Angeles is a public entity and is being sued under Title 42 U.S.C. § 1983 for violations of the Fourth Amendment of the United States Constitution, for the acts and omissions of Defendants DOES 21 through 40, and each of them, who, at the time they caused Plaintiff's injuries and damages, were duly appointed, qualified and acting, deputies, employees, and/or agents of Defendant County, and acting within the course and scope of their employment and/or agency.

19. Each of the Defendants caused and is responsible for, the unlawful conduct and resulting harm by, inter alia, personally participating in the conduct, or acting jointly and in concert with others who did so, by authorizing, acquiescing, condoning, acting, omitting or failing to take action to prevent the unlawful conduct, by promulgating, or failing to promulgate, policies and procedures pursuant to which the unlawful conduct occurred, by failing and refusing to initiate and maintain proper and adequate policies, procedures and protocols, and by ratifying and condoning the

unlawful conduct performed by agents, officers, deputies, medical providers and employees under their direction and control

20. Whenever and wherever reference is made in this Complaint to any act by Defendants DOES 1 through 40, such allegations and references shall also be deemed to mean, the acts, and failures to act, of each DOE Defendant, individually, jointly, or severally.

## FACTUAL ALLEGATIONS

21. On January 31, 2021, around 12:30 p.m., Plaintiff was near the area of Randolph Street and Mayflower Avenue in the City of Maywood, County of Los Angeles, when he was confronted by several yet-to-be identified police officers of the Los Angeles Police Department and/or deputies of the Los Angeles County Sheriff's Department, who were in the area responding to a call about an argument between a father and daughter.

22. Plaintiff was inside his home when Defendant Officers and/or Deputies encountered him. Defendant Officers and/or Deputies ordered Plaintiff to come outside. Without objection, Plaintiff complied with the Officers' and/or Deputies' commands, stepped outside of his house, and met the Officers and/or Deputies on the curb. Immediately, a yet-to-be identified Officer and/or Deputy threatened Plaintiff that he would be shot with a taser if he moved.

23. Thereafter, Plaintiff was beaten by several yet-to-be identified Officers and/or Deputies. Plaintiff's head was slammed against the hood of the patrol car as Defendant Officers and/or Deputies forced Plaintiff into handcuffs. Plaintiff was thrown into the back of the patrol car. Mere seconds later, a yet-to-be identified Officer and/or Deputy rolled the window of the patrol car down and proceeded to spray Plaintiff in the eyes with pepper spray. The yet-to-be identified Officer and/or Deputy then turned up the heat in the patrol car to the maximum setting. Plaintiff

was left in the back of the patrol car handcuffed, pepper sprayed, and overheated for nearly forty-five (45) minutes.

24. As a result of the Defendant Officers and/or Deputies egregious conduct, Plaintiff suffered, and continues to suffer, from extreme psychological distress and injury from Defendant Officers' and/or Deputies' actions, including, but not limited to, nightmares, fear, trauma, anxiety, stress, depression, humiliation, and emotional distress.

25. During the incident, Defendant Officers and/or Deputies worked together as a group to back each other up, provide tacit approval for the incident, and support, assist, and encourage one another's actions.

26. Each of the Defendant Officers and/or Deputies failed to intervene or prevent harm when their colleagues were depriving Plaintiff of his constitutional rights as stated in this Complaint.

27. By failing to intervene, each of the Defendant Officers and/or Deputies additionally violated Plaintiff's constitutional rights.

28. The actions and omissions of the City, County, and Defendant DOE deputies and officers of the Los Angeles Police Department and/or County of Los Angeles Sheriff's Department were objectively unreasonable under the circumstances, without legal justification or other legal right, done under color of law, within the course and scope of their employment as law enforcement officers and/or public officials, and pursuant to unconstitutional customs, policies, and procedures of the City, County, and/or other jurisdictions.

29. Plaintiff is informed and believes, and thereon alleges, that DOES 11-20, inclusive, and DOES 31-40, inclusive, breached their duty of care to the public in that they have failed to discipline DOES 1-10 and DOES 21-30. Their failure to discipline DOES 1-10, inclusive, and DOES 21-30, inclusive, demonstrates the existence of an entrenched culture, policy and/or practice, of promoting, tolerating

PG. 8 Case No.
**COMPLAINT FOR DAMAGES**

and/or ratifying with deliberate indifference, the making of improper detentions and arrests, the use of excessive force, and the failure to treat the serious medical needs of Los Angeles County citizens.

30. Plaintiff is informed and believes, and thereon alleges, that members of the City of Los Angeles Police Department, including but not limited to, DOES 1-20, and/or each of them, and members of the County of Los Angeles Sheriff's Department, including but not limited to, DOES 21-40, and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of using excessive, arbitrary and/or unreasonable force against individuals, including but not limited to, Plaintiff.

31. Plaintiff is informed and believes, and thereon alleges, that the City of Los Angeles Police Department and/or the County of Los Angeles Sheriff's Department, knew, or had reason to know by way of actual or constructive notice, of the aforementioned policy, culture, pattern and/or practice, and the complained of conduct and resultant injuries/violations.

32. At all material times, the actions and omissions of each Defendant were conscience-shocking, reckless, and deliberately indifferent to Plaintiff's rights, and in the alternative, negligent and objectively unreasonable, and therefore, unlawful.

## DAMAGES

33. As a consequence of Defendants' violations of Plaintiff's federal civil rights under 42 U.S.C. §1983 and the Fourth Amendment, Plaintiff was physically, mentally, emotionally, and financially, injured and damaged as a proximate result of Defendants' wrongful conduct.

34. Plaintiff found it necessary to engage the services of a private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of attorney's fees and/or costs pursuant to statute(s) in the event he is the prevailing

party in this action under 42 U.S.C. §§ 1983 and 1988. Plaintiff is also entitled to punitive damages under 42 U.S.C. §§ 1983 and 1988.

## FIRST CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Violation of the 4th Amendment of the U.S. Constitution – Excessive Force)
### (Plaintiff ROBERT BARRERAS Against Defendants DOES 1-10 and DOES 21-30)

35. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. 42 U.S.C. § 1983 provides in part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit at equity, or other proper proceeding for redress."

37. Plaintiff had a firmly established right under the Fourth Amendment to be free from official infliction of physical abuse, assault, battery, and intentional infliction of emotional distress, unreasonable search and seizure, and to be free from excessive force being used against him.

38. Defendants' actions as described herein resulted in the deprivation of these constitutional rights.

39. Defendants, acting in the performance of their official duties, used excessive force against Plaintiff.

40. Plaintiff posed no threat to the Defendant Officers and/or Deputies at any point. Plaintiff complied with officers' and/or deputies' commands by exiting is home and meeting with officers and/or deputies at the curb. Plaintiff did not make furtive or aggressive gestures nor attempt to hide his hands from the officers' and/or

deputies' view. Plaintiff was cooperative throughout the encounter and spoke openly with the Defendant Officers and/or Deputies.

41. There was no need for the use of any force against Plaintiff because he was cooperative at all times during the incident. The use of force by the Defendant Officers and/or Deputies in striking Plaintiff multiple times in the head and body, slamming Plaintiff's head into the hood of the patrol car, handcuffing him, and then pepper spraying him as he sat in the backseat of an overheated patrol car, was unnecessary, unreasonable, and excessive, and thereby, unconstitutional.

42. In using excessive force, the Defendant Officers and/or Deputies were acting in accordance with widespread informal practices and customs maintained by the City and the Los Angeles Police Department, and/or the County and Los Angeles County Sheriff's Office.

43. Defendants, acting under the color of statute, ordinances, regulations, customs, and usages of the State, knew that the use of force in these circumstances was illegal under clearly established law.

44. The conduct alleged herein caused Plaintiff to be deprived of his civil rights which are protected under the United States Constitution and its Amendments. The conduct alleged herein has also legally, proximately, foreseeably, and actually caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

45. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

///
///
///

The Law Offices of John L. Burris
9701 Wilshire Blvd, Suite 1000
Beverly Hills, California 94212
Telephone: (310) 601-7070

## SECOND CAUSE OF ACTION
### (42 U.S.C. Section 1983)
### (Monell – Municipal Liability for Unconstitutional Custom or Policy)
### (Plaintiff ROBERT BARRERAS Against Defendants CITY, COUNTY, DOES 11-20, and DOES 31-40)

46. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint.

47. Based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978), Defendant City and/or County is liable for all injuries sustained by Plaintiff as set forth herein. Defendant City and/or County bears liability because their policies, practices and/or customs were a cause of Plaintiff's injuries.

48. On information and belief, Defendants' and DOES 1 through 10, inclusive, and DOES 21 through 30, inclusive, conduct, individually and as peace officers, was ratified by the City's police department supervisorial officers DOES 11-20, and/or the County's sheriff's department supervisorial deputies DOES 31-40.

49. On information and belief, Defendants were not disciplined for their use of excessive force against Plaintiff.

50. Prior to, and continuing from, May 30, 2020, Defendant DOE Deputies and/or Officers, individually and as peace officers, deprived Plaintiff of the rights and liberties secured to him by the Fourth Amendment of the United States Constitution, in that said Defendants, and their supervising and managerial employees, agents, and representatives, acting with gross negligence and with reckless and deliberate indifference to the rights and liberties of the public in general, and of Plaintiff's, and of persons in his class, situation, and comparable position in particular, knowingly maintained, enforced, and applied, an official recognized custom, policy, and/or practice of:

    a) Employing and retaining as officers, deputies, detectives, and other personnel, including Defendant DOE Deputies and/or

Officers, individually and as peace officers, who at all material times knew or reasonably should have known, had dangerous propensities for abusing their authority and for mistreating citizens by failing to follow written Los Angeles Police Department and/or County of Los Angeles Sheriff's Department policies, including the use of excessive and deadly force, and respecting the protections afforded to citizens under the Fourth Amendment;

b) Inadequately supervising, training, controlling, assigning, and disciplining Defendant DOE Deputies and/or Officers, detectives, and other personnel, including Defendant DOE Deputies and/or Officers who Defendant City and/or Defendant County knew, or in the exercise of reasonable care should have known, had the aforementioned propensities and character traits, including the propensity for violence and the use of excessive force;

c) Inadequately supervising, training, controlling, assigning, and disciplining Defendant DOE Deputies and/or Officers, detectives, and other personnel, including Defendant DOE Deputies and/or Officers, in responding to individuals who were reportedly engaging in a verbal argument.

d) Maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining and controlling the intentional misconduct of Defendant DOE Deputies and/or Officers who are police officers for Defendant City and/or sheriff's deputies and/or detectives for Defendant County;

e) Failing to discipline Defendant DOE Deputies and/or Officers and/or detectives for their misconduct, including but not limited to, unlawful seizures and excessive force;

f) Ratifying the intentional misconduct of Defendant DOE Deputies and/or Officers and other agents who are peace officers and/or detectives of Defendant City and/or Defendant County;

g) Having and maintaining an unconstitutional policy, custom and practice, of detaining and arresting individuals without probable cause or reasonable articulable suspicion, and using excessive force, demonstrated through inadequate training regarding these subjects. The policies, customs and practices of Defendants were done with deliberate indifference to individuals' rights, safety and welfare; and

h) Failing to properly investigate claims of unlawful seizures and excessive force by Defendant DOE Deputies and/or Officers and/or detectives.

51. By reason of the aforementioned policies and practices of Defendants, individually and as peace officers, Plaintiff sustained severe injuries, and was inflicted with pain and suffering, for which Plaintiff is entitled to recover damages.

52. Defendants, individually and as peace officers, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above. Despite having knowledge, as stated above, these Defendants condoned, tolerated, and through actions and inactions, ratified such policies. Said Defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of Plaintiff and other individuals similarly situated.

53. By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants, individually and as peace officers, acted with an intentional, reckless, and callous disregard for the rights of Plaintiff. Moreover, Defendants' actions were willful, wanton, intentional, oppressive, malicious, fraudulent, extremely offensive and outright unconscionable, to any person of normal sensibilities.

54. Furthermore, the policies, practices, and customs implemented, maintained, and tolerated by Defendants, individually and as peace officers, were affirmatively linked to, and were the significantly influential force behind, the injuries inflicted upon and suffered by Plaintiff.

55. Accordingly, Defendants, individually and as peace officers, each are liable to Plaintiff for compensatory damages under 42 U.S.C. § 1983.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
**(Violation of California Civil Code §52.1)**
**(Plaintiff ROBERT BARRERAS Against Defendants CITY, COUNTY, DOES 1-11, and DOES 21-30)**

56. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 55 of this Complaint.

57. Defendants DOE Deputies' and/or Officers' aforementioned conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with Plaintiff's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States of America and the State of California, in violation of California Civil Code §52.1.

58. As a direct and proximate results of Defendants' violation of California Civil Code § 52.1, Plaintiff suffered violations of his constitutional rights and suffered damages as set forth herein.

59. Plaintiff is entitled to injunctive relief and an award of reasonable attorney's fees, pursuant to California Civil Code § 52.1(h).

60. Plaintiff is entitled to treble damages, but in no case less than $4,000.00, and an award of reasonable attorney's fees, pursuant to California Civil Code § 52(a).

61. Under the provisions of California Civil Code §52(b), Defendants are liable for punitive damages for each violation of Civil Code §52.1, reasonable attorney's fees, and an additional $25,000.00.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (Assault/Battery)
### (Plaintiff ROBERT BARRERAS Against Defendants DOES 1-11 and DOES 21-30)

62. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 61 of this Complaint.

63. Defendant DOE Deputies and/or Officers egregiously and unjustifiably beat, restrained and pepper sprayed Plaintiff without cause or provocation. Defendant DOE Deputies' and/or Officers' conduct was neither privileged nor justified under any statute, common-law, or policy.

64. The present action is brought pursuant to sections 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, Defendant DOE Deputies, including DOES 1-11, and/or Defendant DOE Officers, including DOES 21-30, are liable for injuries caused by their acts and/or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOE Deputies and/or Officers were acting within the course and scope of their employment and/or agency with Defendant City and/or County. As such, Defendant City and/or County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant DOE Deputies, including DOES 1-11, and/or Defendant DOE Officers, including DOES 21-30, pursuant to section 815.2 of the California Government Code.

65. Defendants caused Plaintiff to be beaten, slammed, handcuffed, pepper sprayed, and then left him in an overheated patrol car for nearly 45 minutes with the unlawful intent to harm his.

66. Plaintiff did not consent to the touching and was harmed by it.

67. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

68. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## FIFTH CAUSE OF ACTION
### (Intentional Infliction of Emotional Distress)
### (Plaintiff ROBERT BARRERAS Against Defendants DOES 1-11 and DOES 21-30)

69. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 68 of this Complaint.

70. Defendants' conduct as described herein was outrageous.

71. Defendants intended to cause Plaintiff emotional distress.

72. Defendants acted with reckless disregard of the probability that Plaintiff would suffer emotional distress.

73. Defendants' conduct as described herein was a substantial factor in causing Plaintiff's severe emotional distress.

74. Defendants' conduct caused Plaintiff to suffer physical injury, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation, and further damages according to proof at the time of trial.

75. The conduct alleged herein was done in willful, malicious, intentional, deliberate, or reckless disregard of Plaintiff's constitutionally protected rights, welfare, and safety.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
### (Negligence)
**(Plaintiff ROBERT BARRERAS Against Defendants DOES 1-40)**

76. Plaintiff hereby realleges and incorporates the allegations set forth in paragraphs 1 through 75 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

77. The present action is brought pursuant to section 820 and 815.2 of the California Government Code. Pursuant to section 820 of the California Government Code, as public employees, DOES 1 through 11, and DOES 21 through 30, are liable for injuries caused by their acts or omissions to the same extent as a private person. At all times mentioned herein, Defendant DOES 1 through 11, and DOES 21 through 30, were acting within the course and scope of their employment and/or agency with Defendant City and/or County. As such Defendant City and/or County is liable in respondeat superior for the injuries caused by the acts and omissions of Defendant DOES 1 through 11, and DOES 21 through 30, pursuant to section 815.2 of the California Government Code.

78. Defendant City and/or County, and DOES 1-11 and 21-30, are liable for negligent pre-arrest tactics because they beat, restrained, and pepper sprayed, a compliant, unarmed, person. The force used was excessive, and thereby unreasonable.

79. Defendant DOE Deputies and/or Officers acted negligently in their pre-arrest tactics preceding the use of excessive force against Plaintiff when they failed

to perform a reasonable evaluation of the circumstances prior to using force against Plaintiff. Defendant DOE Deputies and/or Officers had no credible or otherwise objectively reasonable threat to their safety or that of another person, to justify the excessive force inflicted upon Plaintiff. Plaintiff did not make any furtive gestures, threatening statements, or aggressive actions.

80. Defendant DOE Deputies and/or Officers were further negligent in failing to warn before their use of force as their training requires.

81. Defendant DOE Deputies' and/or Officers' negligence was the proximate cause of Plaintiff's injuries, the direct cause being the illegal, unjustified, and, in the alternative, negligent use of force inflicted upon Plaintiff.

82. Finally, Defendant DOE Deputies and/or Officers are liable for negligently failing to intervene when fellow deputies and/or officers violate the constitutional rights of another.

83. Defendant DOE Deputies and/or Officers were negligent in failing to intervene as Plaintiff's Fourth Amendment rights were violated by the illegal and unjustified force inflicted upon him. It was clear that the use of force was excessive and would likely cause substantial physical and emotional harm to Plaintiff, yet none of the Defendant DOE Deputies and/or Officers intervened, or even attempted to intervene, during the entirety of this encounter.

84. Plaintiff was harmed physically, mentally, emotionally, and financially, and Defendant DOE Deputies' and/or Officers' negligence was a direct and substantial factor in causing this harm.

85. Plaintiff suffered, and will continue to suffer, emotional distress, pain and suffering, loss of income, medical expenses, fear, trauma, and humiliation.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

86. Plaintiff hereby demands a jury trial in this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for relief as follows:

1. Compensatory damages in a sum according to proof;
2. For general damages in a sum according to proof;
3. For special damages in a sum according to proof;
4. For punitive damages in a sum according to proof, as to Defendant DOE Officers and DOES 1-11; and/or Defendant DOE Deputies and DOES 21-30.
5. For reasonable attorneys' fees pursuant to 42 U.S.C. Section 1988;
6. For any and all statutory damages allowed by law;
7. For cost of suit herein incurred; and
8. For such other and further relief as the Court deems just and proper.

Dated:  March 17, 2022          **THE LAW OFFICES OF JOHN L. BURRIS**

*/s/ Julia N. Quesada*
DeWitt M. Lacy
Julia N. Quesada
Lena P. Andrews

Attorneys for Plaintiff, Robert Barreras